UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER LARA,<br><br>           Plaintiff,<br><br>    v.<br><br>SUTTER DAVIS HOSPITAL, SALUD CLINIC, SUTTER WEST WOMEN'S HEALTH, SUSAN MAAYAH, M.D., AMELIA BAUERMANN, C.N.M., and DOES 1-100, inclusive,<br><br>           Defendants.<br>―――――――――――――――――――<br>SUTTER DAVIS HOSPITAL,<br><br>           Cross-Complainant,<br>    v.<br><br>UNITED STATES OF AMERICA, and ROES 1-10,<br><br>           Cross-Defendants. | NO. CIV. 2:12-2407 WBS GGH<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION FOR LEAVE TO FILE</u><br><u>FIRST AMENDED COMPLAINT</u> |

----oo0oo----

Plaintiff Jennifer Lara brought this action against defendants Sutter Davis Hospital, Salud Clinic, Sutter West Women's Health, Susan Maayah, M.D., and Amelia Bauermann, C.N.M.,

1

arising out of defendants' alleged medical malpractice during the delivery of plaintiff's child. Currently before the court is plaintiff's motion to file a First Amended Complaint ("FAC") to add plaintiff's child, Eliceo Rehg, as an additional plaintiff. (Docket No. 28.)

I.  Factual and Procedural Background

Plaintiff originally filed this lawsuit in California Superior Court for the County of Sacramento on April 27, 2011. (Not. Of Filing State Court Docs. Ex. 1 at 81 (Docket No. 14-1).) After the case was transferred to the California Superior Court for the County of Yolo, Sutter Davis Hospital filed a cross-complaint for indemnity and/or contribution against Salud Clinic, Bauermann, and Johnson on July 11, 2012. (Not. of Removal Ex. B (Docket No. 1).) Plaintiff dismissed her claims against Salud Clinic and Bauermann on August 30, 2012. (Id. Ex. A.) On September 20, 2012, the United States substituted as cross-defendant in place of Salud Clinic, Bauermann, and Johnson under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), (Docket No. 2), and removed the case to this court, (Docket No. 1).

On February 13, 2013, the court entered a Status (Pretrial Scheduling) Order, setting February 19, 2013, as the deadline for joinder of new parties and amendments to pleadings. (Docket No. 21.) On October 10, 2013, plaintiff filed the present motion for leave to file a FAC to add her minor child, Eliceo Rehg, as an additional plaintiff. (Docket No. 28.)[1]

---

[1] Plaintiff seeks only to amend her Complaint, not also to amend the scheduling order. While a court may deny as untimely a motion to amend after a scheduling order deadline has

2

II. <u>Analysis</u>

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." <u>Johnson</u>, 975 F.2d at 607-08.  Here, Rule 16(b) governs because the court issued a scheduling order on February 13, 2013.

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." <u>Johnson</u>, 975 F.2d at 609.  As this court has previously observed, to demonstrate diligence under Rule 16(b)'s good cause standard, the party seeking amendment must show: (1) that it helped the court to create a workable scheduling order, (2) that it cannot comply with the scheduling order's deadlines due to matters that were reasonably unforeseeable at the time the scheduling order issued, and (3) that it was diligent in seeking amendment of the order once it

---

passed simply because the moving party did not additionally request a modification of the scheduling order, the court here declines to do so.  See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992).  Instead, the court exercises its discretion to construe the present motion as one to amend the scheduling order.  See <u>Orozco v. Midland Credit Mgmt. Inc.</u>, No. 2:12-CV-02585-KJM, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013) (citing <u>Johnson</u>, 975 F.2d at 608) (construing the plaintiff's request to amend the complaint as a request to amend the scheduling order).

3

1  became clear that it could not comply.  Lewis v. Russell, No.
2  CIV. 2:03-2646 WBS CKD, 2012 WL 4711959, at *4 (E.D. Cal. Oct. 3,
3  2012) (citing Jackson v. Laureate, Inc., 186 F.R.D. 605, 608
4  (E.D. Cal. 1999) (Burrell, J.)).

5           Here, plaintiff has not shown that she helped the court
6  create a workable scheduling order or that her failure to comply
7  was due to matters that were reasonably unforeseeable at the time
8  the scheduling order issued.  In the joint status report
9  completed before the Court's Status (Pretrial Scheduling Order),
10 filed January 8, 2013, the parties indicated that they did not
11 anticipate amending the pleadings or joining additional parties.
12 (Joint Status Report at 2:22-25 (Docket No. 17).)  Yet
13 plaintiff's counsel admits that she had been planning to add Rehg
14 as an additional plaintiff from the time she first agreed to take
15 the case.  (Decl. of Linda Fermoyle Rice in Supp. of Mot. at
16 9:11-14 (Docket No. 28).)

17          Plaintiff's counsel offers no satisfactory explanation
18 for why she did not state in the status report that she intended
19 to add Rehg as a plaintiff at a future date.  As best as the
20 court can determine, plaintiff's attorney was afraid that if she
21 named Rehg as a plaintiff in the original complaint, or if she
22 revealed her intention to do so, the case would be set for trial
23 before all of his injuries had become manifest.  Apparently, she
24 felt that the longer she waited before adding Rehg as a plaintiff
25 the more likely the judge would be to delay the trial date.  This
26 tactic, she said, has worked well for her in similar cases in the
27 state courts.

28          If plaintiff was aware that she intended to include

Rehg when the parties filed the joint report but said nothing about doing so, then plaintiff did not help the court create a workable scheduling order, and the failure to include Rehg was reasonably foreseeable at the time the order issued. "[S]uch an omission would not be 'compatible with a finding of diligence.'" Jackson, 186 F.R.D. at 608 (quoting Johnson, 975 F.2d at 609) (finding plaintiff lacked good cause when plaintiff anticipated possible amendment at time of Rule 16 order but failed to alert court before filing motion).

Further, plaintiff fails to show "that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." Id. In plaintiff's initial disclosure, submitted on March 25, 2013, plaintiff indicated that she intended to move to add her son as an additional plaintiff. (Greene Decl. in Supp. of Opp'n Ex. E at 8:27-28 (Docket No. 32-1).) Plaintiff offers no convincing justification for what circumstances changed between the filing of the joint status report and the initial disclosure, or for the near seven-month delay between the initial disclosure and filing the present motion.

Plaintiff contends that she filed the motion to amend "within reasonable time of discovering the additional facts to support Rehg's claim for medical negligence . . . ." (Pl.'s Mem. at 6:25-26 (Docket No. 28).) But plaintiff does not describe what these additional facts are. Generally, plaintiff suggests that the true extent of harm to Rehg was uncertain when she filed the lawsuit, but that by the time of filing the present motion, Rehg's development had progressed such that the parties would now

be able to fairly assess the extent of his injures.  In particular, plaintiff's counsel contends that it was Rehg's attaining the age of three that made it more possible to determine the nature and extent of his injuries.  (Rice Decl. at 9:14-25.)

        This argument is unconvincing because Rehg turned three in early February, less than one month after the parties filed their joint status report, before the court issued the scheduling order in this case, and before the scheduling order's February 19, 2013, deadline for amending pleadings and joining parties. (Greene Decl. at 3:1.)  In seeking to justify the delayed efforts to add Rehg, however, plaintiff points only to conflicting reasons why he was not included when the case was initially filed.  Plaintiff's account fails to explain why Rehg was not joined at the time the parties filed the joint status report, much less immediately after plaintiff's stated cutoff date of Rehg's third birthday.  Because plaintiff did not move to amend the order until October, even though it became apparent that plaintiff could not comply with the order when plaintiff filed her initial disclosure in March, if not earlier, plaintiff fails to show "that she was diligent in seeking amendment of the Rule 16 order." Jackson, 186 F.R.D. at 608; see also Jackson v. Bank of Haw., 902 F.2d 1385, 1388 (9th Cir. 1990) (upholding denial of leave to amend under more liberal Rule 15(a) standard when party waited eight months after discovery of requisite facts to seek leave).

        The court's good cause inquiry cannot end here, however.  Notwithstanding the lack of candor or diligence on the

part of plaintiff's attorney, for the following reasons the court finds good cause to allow her to amend the complaint to include plaintiff's child as a plaintiff, under conditions which the court will specify.

Rule 1 of the Federal Rules of Civil Procedure stresses that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Here, denying plaintiff's motion to amend would conflict with this aim and the court's independent obligation to efficiently manage its calendar.

It is undisputed that the statute of limitations has not run on the minor child's claims and thus, if the court denies plaintiff's motion to amend, the minor child can initiate his own action in state court. If Sutter Davis Hospital again files a cross-complaint for indemnity and/or contribution against Salud Clinic and Johnson, it will result in the substitution of the United States and subsequent removal of the action to this court. Upon such removal, it is likely that the cases would be related before the undersigned and one or more of the parties would seek to consolidate them. Assuming this sequence of events, the case would likely be in the same posture as it could be today – several months and several thousand dollars later.

Alternatively, if the minor plaintiff's case is not removed to this court and consolidated with this case, the resulting situation will be even worse for all concerned, potentially resulting in parallel proceedings in state and federal court based on essentially the same set of facts. Rule 16(b) cannot require such a needless duplication of expenditure

7

and resources by the parties and court.

Under the circumstances, if the court grants plaintiff's request to amend her complaint, it is only fair that plaintiff should be required to reimburse defense counsel for their time and expenses incurred in opposing this motion. The points made in their opposition are well taken. Defendants' counsel were justified in opposing the motion, and had every good reason to believe that it should be granted. Therefore, as a condition of being permitted to file her amended complaint, plaintiff shall indemnify defendants' attorneys for their time and expenses spent preparing the opposition to the motion, preparing for oral argument, attending the oral argument on the motion, and preparing their documents supporting their attorneys' fees. Further, if at a later stage of the proceedings defendants should be required to duplicate any time heretofore spent in discovery because of the joinder of the additional plaintiff, the court will entertain a motion for reimbursement of attorney's fees and expenses incurred in such duplication at that time.

IT IS THEREFORE ORDERED that:

1. Within 14 days from the date of this Order, counsel for defendants shall submit a statement of the time and expenses incurred in opposing this motion, which shall include a statement of the hourly rate charged for each attorney for whose time reimbursement is requested; the number of hours spent; a breakdown of the time spent on each task; and a description of the work done.

2. Upon review of such statement, the court will determine the amount of fees and expenses for which plaintiff

shall reimburse defendants' attorneys, and will enter an Order accordingly.

       3.   Upon payment of the sum ordered by the court to defendants' attorneys, plaintiff will be permitted to file her amended complaint adding Eliceo Rehg as an additional party plaintiff.

Dated: January 2, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE